# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.:

CARLY BITTLINGMEYER,
individually and on behalf of all
others similarly situated,

CLASS ACTION

    Plaintiff,

JURY TRIAL DEMANDED

v.

DIRECT RECOVERY SERVICES, LLC
and ELLE GUSMAN,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff CARLY BITTLINGMEYER ("Plaintiff") sues Defendants DIRECT RECOVERY SERVICES, LLC AND ELLE GUSMAN ("Defendants") for violations of 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA"), and 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, as this action involves violations of the TCPA and FDCPA.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.    Plaintiff is a natural person and is a resident of Broward County, Florida.

4.    Defendant Direct Recovery Services, LLC("DRS") is a Minnesota corporation, with a principal address of 629 7th Ave Suite 1 Two Harbors, MN 55616.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Defendant Elle Gusman is a natural person and, on information and belief, is a resident of Minnesota.

6.      Defendants direct, market, and conduct substantial business activities in Florida.

## FACTS

7.      Plaintiff is the sole subscriber of the cellular telephone number ending in 9080 ("Plaintiff's Cellphone").

8.      Defendant DRS is a business entity engaged in the business of soliciting consumer debts for collection.

9.      Defendant DRS is a business entity engaged in the business of collecting consumer debts.

10.      Defendant DRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11.      Defendant Elle Gusman is a natural person engaged in the business of soliciting consumer debts for collection.

12.      Defendant Elle Gusman is a natural person engaged in the business of collecting consumer debts.

13.      Defendant Elle Gusman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.      Defendant DRS is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

15.      Defendant DRS is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9903798.

16.      Defendant DRS maintains all the records specified in Rule 69V-180.080, Florida

PAGE | 2 of 10

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Administrative Code.

17.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant DRS does maintain, are current to within one week of the current date.

18.     On a date better known by Defendants, Defendants began calling Plaintiff's Cellphone in an attempt to collect a debt (the "Consumer Debt").

19.     Plaintiff is not the debtor of the Consumer Debt.

20.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5).

21.     Defendant's unsolicited voicemail messages caused Plaintiff actual harm. Specifically, one such stressful voicemail message over a minute in length consisted of a veiled threat and the implication that the recipient of the message could be vulnerable to litigation.

22.     On one or more occasions, when Plaintiff did not answer a call from Defendants, Defendants would leave a pre-recorded voicemail message, intended for a different recipient, stating that the caller's office had just received the intended recipients file.

23.     The Defendant's prerecorded message never identified the speaker or subject matter of the message but urged the Plaintiff or the Plaintiff's attorney to respond to the Defendant before the Defendant was asked to, "voluntarily cease communications".

24.     After rambling on for more than a minute, the Defendant's voice message ended with the intended recipient's account number and instructions to pay online by visiting "www.directrecoveryservices.com."

25.     Defendants utilized a combination of hardware and software systems place calls to Plaintiff's Cellphone. These systems utilized by Defendants have the current capacity or present ability to store telephone numbers and dial stored numbers automatically, to generate or store random or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

26.     The combination of hardware and software systems used by Defendants to place calls to Plaintiff's Cellphone meet the statutory definition of an automated telephone dialing system ("ATDS") under the TCPA.

27.     At no point in time did Plaintiff provide Defendants with Plaintiff's express consent to be called, written or otherwise.

28.     Defendants' calls to Plaintiff's Cellphone were not for emergency purposes.

## CLASS ALLEGATIONS

29.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

30.     Plaintiff brings this case on behalf of the following classes (collectively, the "Classes"):

**TCPA Class**:  [1] All persons in the United States [2] within the four years immediately preceding the filing of this Complaint [3] whose cellular telephone number [4] was called using the same type of equipment used to call Plaintiff [5] by Defendants or anyone acting on Defendants' behalf [6] in an attempt to collect a debt [7] and the person called was not the debtor of said debt.

**FDCPA Class**: [1] All persons in the United States [2] within the twelve (12) months immediately preceding the filing of this Complaint [3] whose telephone number [4] was called by Defendants or anyone on Defendants' behalf [5] in an attempt to collect a debt [6] that the person called was not the debtor thereof.

31.     Defendant and their employees or agents are excluded from the Classes.

32.     Plaintiff does not know the number of members in each class, but Plaintiff believes that the number of members in each class to be in the thousands, if not more.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*NUMEROSITY*

33.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

34.     The exact number and identities of the TCPA Class and FDCPA Class members are unknown at this time and can be ascertained only through discovery. Identification of the TCPA and FDCPA Class members is a matter capable of ministerial determination from Defendants' call records.

*COMMON QUESTIONS OF LAW AND FACT*

35.     There are numerous questions of law and fact common to the TCPA and FDCPA Class which predominate over any questions affecting only individual members of either class.

36.     With respect to the TCPA Class, the common questions of law and fact include: [1] Whether Defendant made non-emergency calls to Plaintiff and class members' cellular telephones using an ATDS and/or pre-recorded voice; [2] Whether Defendants can meet their burden of showing that they obtained prior express written consent to make such calls; [3] Whether Defendants conduct was knowing and willful; [4] Whether Defendants are liable for damages, and the amount of such damages; [5] Whether Defendants should be enjoined from such conduct in the future; and [6] Whether the class member was

37.     With respect to the FDCPA Class, the common questions of law and fact include: [1] Whether Defendant is a debt collector within the meaning of the FDCPA; [2] Whether Defendant called the class member in an attempt to collect a debt; [3] Whether the class member was the debtor of the debt in question; [4] Whether Defendants had the prior consent of the debtor of the underlying debt to call the class member; and [5] Whether Defendants' call was exempt under § 1692b of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

## *TYPICALITY*

39.     Plaintiff's claims are typical of the claims of the TCPA and FDCPA Class members, as they are all based on the same factual and legal theories.

## *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

40.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the FDCPA and TCPA Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

## *SUPERIORITY*

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of either the FDCPA or TCPA Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendants wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of either class prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

not.  Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

### COUNT I
### <u>VIOLATIONS OF 47 U.S.C. § 227(b)</u>
*(The TCPA Class)*

43.     Plaintiff, individually and on behalf of the TCPA Class, re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

45.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

46.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

47.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  <u>Breslow v. Wells Fargo Bank, N.A.</u>, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

48.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

49.    A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent.  *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

50.    Defendants – or third parties directed by Defendants – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephone of Plaintiff and members of the TCPA Class. These calls were placed without regard to whether Defendants had first obtained express permission from the called party to send such text message. In fact, Defendants did not have prior express consent to call Plaintiff or the TCPA Class members' cellular telephone number.

51.    Defendants violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or pre-recorded voice to make non-emergency telephone calls to Plaintiff's Cellphone.

52.    As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and member of the TCPA Class were harmed and are entitled to a minimum of $500.00 in damages for each unlawful phone call placed to Plaintiff and the TCPA Class members by Defendants. Plaintiff and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the TCPA Class members are also entitled to an injunction against future calls. If the misconduct of Defendants is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the class members.

53.    **WHEREFORE**, Plaintiff, individually and on behalf of the TCPA Class, respectfully, requests that the Court enter judgment in favor of Plaintiff and the TCPA Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling Plaintiff or the TCPA Class members' cellular phone number; **[3]** A declaration that Defendants used an automatic telephone dialing system and/or pre-recorded voice, as substantiated by evidence, and violated the TCPA in using such to call Plaintiff and the TCPA Class members; and **[4]** Any other relief the Court finds just and proper.

### *COUNT II*
### <u>VIOLATION OF 15 U.S.C. § 1692c(b)</u>
### (*The FDCPA Class*)

54.    Plaintiff, individually and on behalf of the FDCPA Class, re-alleges and incorporates paragraphs 1-42, and as if fully set forth herein.

55.    Pursuant to § 1692c of the FDCPA:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

56.    As stated above, each Defendant is a debt collector within the meaning of the FDCPA, and Defendant called Plaintiff's Cellphone in an attempt to collect a debt governed by the FDCPA.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

57.     Here, Defendants did not have the prior consent of the debtor of the Consumer Debt to communicate with Plaintiff in connection with the collection of the Consumer Debt, nor did Defendants have the prior consent of Plaintiff to communicate with Plaintiff in connection with the collection of the Consumer Debt. As such, by and through Defendants' phone call and subsequent pre-recorded voicemail, Defendant violated § 1692c(b) of the FDCPA.

58.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, respectfully, requests this Court to enter a judgment against Defendants, awarding the following relief: [1] statutory, as provided under 15 U.S.C. §1692k; [2] costs and reasonable attorneys' fees; and [3] Any other relief that this Court deems appropriate and just under the circumstances.

## **JURY DEMAND**

59.     Plaintiff, respectfully, demands a trial by jury on all issues so triable.

DATED: November 22, 2019

Respectfully Submitted,


  /s/ Jibrael S. Hindi                           .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*